UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JARONETAY THOMPSON,

       Defendant,

v.                                                     25-CR-11
                                                             ORDER

OFFICER WOZNIAK,

       Plaintiff.[1]

_____

      Jaronetay Thompson was charged in Buffalo City Court with obstructing the administration of law, operating an unregistered vehicle, and operating a vehicle with cracked or broken glass.  *See* Docket Item 1-1.  Thompson removed that case to this Court under "28 U.S.C. §§ 1441 and 1446."  Docket Item 1 at 1.  More specifically, Thompson said that he was "invok[ing] the 14th Amendment, specifically the Due Process Clause and Privileges or Immunities Clause, which protects the fundamental right to travel freely within the United States."  *Id.* at 1.  And, he said, "[t]he charges brought against [him] violate these constitutional protections, as they criminalize [his] lawful exercise of free movement."  *Id.* at 1-2.  According to Thompson, "[t]his issue involves the U.S. Constitution and federal law," which "provid[es] grounds for federal jurisdiction."  *Id.* at 2.

      This Court found that Thompson had failed to demonstrate that this Court had jurisdiction over this matter.  Docket Item 2.  But in light of Thompson's pro se status, the Court gave him an opportunity to show cause why the case should not be

---

[1] This is the caption that Thompson used on his notice of removal.  Docket Item 1 at 1.

remanded. *Id.* Thompson responded to the Court's order. Docket Item 3. After careful review, this Court finds that it lacks jurisdiction over Thompson's case and remands this matter to state court.

## **DISCUSSION**

As this Court explained in its prior order, the circumstances in which a state criminal prosecution may be removed to federal court are quite narrow. *See* Docket Item 2 at 2 (citing 28 U.S.C. §§ 1442, 1442a, 1443). In response to the Court's order, Thompson argues that "[r]emoval is proper under 28 U.S.C. § 1443(1) because the state prosecution violates federally protected rights that cannot be enforced in state court." Docket Item 3 at 1. More specifically, he says that he "was charged with obstruction solely for refusing to exit his vehicle after officers failed to inform him of any crime he had committed." *Id.* at 2. And, he says, "[t]he Fifth Amendment guarantees that no person shall be deprived of liberty without due process of law," and "[t]he officers had no lawful authority to remove [him] from his property without articulating probable cause for a crime." *Id.*

In support of his argument, Thompson cites *John Bad Elk v. United States*, 177 U.S. 529 (1900), in which he says "the Supreme Court held that a person may resist an unlawful arrest and that such resistance does not constitute a crime."[2] Docket Item 3 at

---

[2] This is not an accurate recitation of the holding in *John Bad Elk*. Rather, in that case, the Supreme Court vacated a murder conviction based on erroneous jury instructions. *See* 177 U.S. at 537 ("Instead of saying that plaintiff in error had the right to use such force as was absolutely necessary to resist an attempted illegal arrest, the jury were informed that the policemen had the right to use all necessary force to arrest him, and that he had no right to resist. He, of course, had no right to unnecessarily injure, much less to kill, his assailant; but where the officer is killed in the course of the disorder which naturally accompanies an attempted arrest that is resisted, the law looks

3.  Thompson asserts that his "refusal to exit his vehicle was not obstruction, but rather a lawful exercise of his constitutional rights under *Bad Elk*." *Id.* (italics added). And, he argues, "[t]he state court's refusal to recognize this principle further justifies federal intervention." *Id.*

Finally, Thompson notes that "[d]uring the proceedings, Lackawanna City Court Judge Kenneth A. Szyszkowski yelled at Thompson, stating: 'You're not running this show here, Mister Thompson. This is my court, not yours.'" *Id.* at 2. According to Thompson, "[t]his statement raises serious concerns about judicial impartiality and Thompson's ability to enforce his rights in state court" because "[t]he judge's demeanor and words suggest a hostile and biased approach, undermining confidence in a fair proceeding." *Id.* at 3.

For the reasons that follow, those arguments fail and Thompson has not established federal jurisdiction over his case.

As this Court explained in its prior order, 28 U.S.C. § 1443(1) provides federal courts with jurisdiction over state prosecutions in very limited circumstances. Docket Item 2 at 3; *see also New York v. Smith*, 494 Fed. App'x 138, 139 (2d Cir. 2012) (summary order) (explaining that section 1443 "provides both a procedural mechanism [for removal] and subject matter jurisdiction" (quoting *Orange Cnty. Water Dist. v. Unocal Corp.*, 584 F.3d 43, 50 (2d Cir. 2009))). Under section 1443(1), a defendant may remove

> [a]ny . . . civil action[ ] or criminal prosecution[ ], commenced in a [s]tate court . . . [a]gainst any person who is denied or cannot enforce in the courts

---

with very different eyes upon the transaction, when the officer had the right to make the arrest, from what it does if the officer had no such right.").

3

> of such [s]tate a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]

28 U.S.C. § 1443(1). Removal under section 1443(1) is appropriate only when the defendant can "satisfy a two-pronged test." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975).

"First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Id.* (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability[,] or under statutes not protecting against racial discrimination, will not suffice." *Id.*; *see also City of Greenwood. v. Peacock*, 384 U.S. 808, 825 (1966) ("[T]he reference in [section] 1443(1) . . . to 'equal civil rights' . . . does not include the broad constitutional guarantees of the First Amendment."); *Peacock*, 384 U.S. at 826-27 (finding removal inappropriate because "no federal law confers an absolute right on private citizens . . . to obstruct a public street . . . [and] no federal law confers immunity from state prosecution on such charges").

Second, it must appear on the face of the notice of removal "that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) [s]tate.'" *Johnson*, 421 U.S. at 219 (quoting *Rachel*, 384 U.S. at 803). "This provision normally requires that the 'denial be manifest in a formal expression of state law,' such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.'" *Id.* (internal citation omitted) (quoting *Rachel*, 384 U.S. at 799); *see also Peacock*, 384 U.S. at 828 (holding that removal under section 1443(1) is available only "in the rare situations where it can be clearly predicted by reason of the

4

operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court").

Thompson's response does not plead any facts supporting jurisdiction under section 1443(1). In particular, he does not claim that he cannot enforce "a federal law 'providing for specific civil rights stated *in terms of racial equality*.'" See *Johnson*, 421 U.S. at 219 (emphasis added) (quoting *Rachel*, 384 U.S. at 792).

Nor has Thompson shown that he cannot enforce the rights he cites in the courts of New York State. Indeed, other than asserting that the city court judge "yelled" at him in an effort to maintain control of the courtroom, *see* Docket Item 3 at 2, Thompson does not allege any reason why he believes that he cannot get a fair shake in the state courts.[3] And even if those assertions evidence bias on the part of the judge, that can be remedied by a motion for recusal.

Accordingly, Thompson has failed to present facts supporting this Court's exercise of jurisdiction under section 1443(1).[4]

---

[3] Contrary to Thompson's suggestion, *see* Docket Item 3 at 3, the state courts can and do enforce rights guaranteed by the United States Constitution.

[4] Nor does this Court have jurisdiction under 28 U.S.C. §§ 1442, 1442a, or 1443(2) for the reasons explained in its prior order. *See generally* Docket Item 2.

**ORDER**

For the reasons explained above and in this Court's prior order, Docket Item 2, the Court finds that it does not have jurisdiction over Thompson's case. Accordingly, this Court hereby REMANDS this action to state court. The Clerk of Court shall close this case.

SO ORDERED.

Dated:   April 24, 2025
         Buffalo, New York

                                            /s/ Lawrence J. Vilardo
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE